IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LARRY WILLIAMS,

                Petitioner,

v.

LOUIS WILLIAMS, II,

                Respondent.

OPINION & ORDER

17-cv-515-jdp

---

Pro se petitioner Larry Williams, a federal prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Williams challenges his sentence from the United States District Court for the Northern District of Illinois, arguing that the Supreme Court's decision in *United States v. Mathis*, 136 S. Ct. 2243 (2016), invalidates his sentence, which was enhanced by his career-offender status under the United States Sentencing Guidelines § 4B1.1.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which the court may apply to Section 2241 petitions. *See* Rule 1(b), Rules Governing Section 2254 Cases. Under Rule 4, a district court will dismiss the petition only if it plainly appears that the petitioner is not entitled to relief. For the reasons discussed below, I will dismiss Williams's petition.

BACKGROUND

I draw the following facts from Williams's petition, Dkt. 1, his criminal proceeding, *United States v. Williams*, No. 04-cr-967 (N.D. Ill. filed Nov. 4, 2004); *United States v. Williams*,

No. 07-3004 (7th Cir. filed Aug. 23, 2007), and his prior habeas proceeding, *United States v. Williams*, No. 11-cv-607 (N.D. Ill. filed Jan. 24, 2011).

In 2004, Williams was charged with one count of possession of cocaine base with the intent to distribute under 21 U.S.C. § 841(1)(1). He orally waived his right to a jury trial in 2007 and proceeded to a bench trial. The court found him guilty and sentenced him in July 2007.[1] Williams had two prior convictions that qualified him as a career offender under § 4B1.1:

> (1) a December 23, 1993 conviction for possession of a controlled substance with intent to deliver under 720 Ill. Comp. Stat. 570/401; and
>
> (2) a December 23, 1993 conviction for unlawful delivery of a controlled substance under 720 Ill. Comp. Stat. 570/401.

In 2011, Willaims filed a motion under 28 U.S.C. § 2255 with the sentencing court, contending that he had ineffective assistance of counsel and that he was entitled to resentencing under the Fair Sentencing Act of 2010. The court denied his motion.

ANALYSIS

Numerous courts have already concluded that *Mathis* satisfies the procedural requirements for a savings-clause § 2241 petition. *See e.g.*, *Pulliam v. Krueger*, Case No. 16-cv-1379, 2017 WL 104184, at *2 (C.D. Ill. Jan. 10, 2017); *cf. Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) ("[S]ubstantive decisions such as *Mathis* presumptively apply retroactively

---

[1] The judgment indicates that Williams pleaded guilty. *See Williams*, No. 04-cr-967, Dkt. 88, at 1 (N.D. Ill. July 12, 2007). But this appears to be an error. I will rely on the facts summarized in the decision denying William's § 2255 motion. *See Williams*, No. 11-cv-607, Dkt. 14 (N.D. Ill. Apr. 25, 2011).

on collateral review."). I have done the same. *See Edwards v. Williams*, No. 17-cv-114, Dkt. 3 (W.D. Wis. May 11, 2017). So I will screen the merits of Williams's petition.

Under *Taylor v. United States*, and its successors, *Descamps v. United States* and *Mathis*, a district court must first apply the categorical approach when enhancing sentences under § 924(e) and compare elements of each prior offense with elements of a generic offense. 495 U.S. 575, 602 (1990); 133 S.Ct. 2276, 2281 (2013); 136 S.Ct. at 2248. The elements of the offenses govern, and district judges generally disregard the actual facts of the underlying offense conduct. *Yates v. United States*, 842 F.3d 1051, 1052 (7th Cir. 2016).

This rule has one exception, which *Mathis* clarified. When the relevant statute has a "more complicated (sometimes called 'divisible') structure," listing "multiple elements disjunctively," the court may apply the modified categorical approach and examine "a limited class of documents . . . to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 136 S. Ct. at 2249. But when the statute lists multiple "means" to satisfy just one element—as opposed to listing alternative elements of the crime—the court cannot apply the modified categorical approach. *Id*. at 2253.

Williams contends that *Mathis* invalidates his career criminal status under § 4B1.1. Under § 4B1.1, a criminal defendant is a career offender if three conditions are satisfied:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1. Williams challenges the third condition, whether he had two prior convictions that qualify as crimes of violence or controlled substance offenses. Williams had no conviction for a crime of violence, but he had two controlled substance offenses: two convictions from

December 23, 1993 under 720 Ill. Comp. Stat. 570/401. The pertinent statute here, 720 Ill. Comp. Stat. 570/401, provided as follows:

> Except as authorized by this Act, it is unlawful for any person knowingly to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled or counterfeit substance or controlled substance analog.

Williams contends that because the statute applies to controlled substances, counterfeit substances, and controlled substance analogs, the statute is broader than a "controlled substance offense" under § 4B1.2.

Williams's argument lacks merit because it depends on a strained reading of the guidelines. By its express terms, § 4B1.2(b) provides that a controlled substance offense includes offenses that involve counterfeit substances as well as actual controlled substances. True, § 4B1.2(b) does not expressly refer to controlled substance analogs. But it would be strange indeed for the concept of "controlled substance offense" to include offenses involving counterfeit substances but not controlled substance analogs. Besides, the guidelines generally treat controlled substance analogs as controlled substances. Section 2D1.1, application note 6 provides that under the guidelines any reference to a controlled substance also includes the controlled substance's corresponding analog, as the term is defined under 21 U.S.C. § 802(32):

> Any reference to a particular controlled substance in these guidelines includes all salts, isomers, all salts of isomers, and, except as otherwise provided, any analogue of that controlled substance. . . . For purposes of this guideline "analogue" has the meaning given the term "controlled substance analogue" in 21 U.S.C. § 802(32).

Under § 802(32), the term "controlled substance analogue" is defined this way:

> (i) the chemical structure of which is substantially similar to the chemical structure of a controlled substance in schedule I or II;

> (ii) which has a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II; or
>
> (iii) with respect to a particular person, which such person represents or intends to have a stimulant, depressant, or hallucinogenic effect on the central nervous system that is substantially similar to or greater than the stimulant, depressant, or hallucinogenic effect on the central nervous system of a controlled substance in schedule I or II.

21 U.S.C. § 802(32)(A)). This is essentially the same definition provided under the Illinois statute, which defines a "controlled substance analog" as "a substance which is intended for human consumption, other than a controlled substance, that has a chemical structure substantially similar to that of a controlled substance in Schedule I or II, or that was specifically designed to produce an effect substantially similar to that of a controlled substance in Schedule I or II." 720 Ill. Comp. Stat. 570/401. Williams identifies no meaningful difference between the two definitions, and I am persuaded that the Illinois statute would easily fit within the meaning of "controlled substance offense" as that concept is used in the guidelines. Other courts have reached the same conclusion about convictions under Illinois statute. *See, e.g., Jones v. United States*, No. 13-cv-0728, 2016 WL 5724146, at *4 (S.D. Ill. Sept. 30, 2016).

Williams is not entitled to habeas relief, and I will deny his petition.

## ORDER

IT IS ORDERED that:

a. Petitioner Larry Williams's petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 1, is DENIED, and this case is DISMISSED.

b. The clerk of court is directed to enter judgment in favor of respondent Louis Williams, II, and close this case.

Entered November 9, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge